not promise, or place themselves under obligations, to insure.

2. Inasmuch as the defendants have not promised to keep the plaintiffs' property insured, by written or parol agreement, and it is not proved that they received instructions to insure, or that the usage of trade or the habit of dealing between them and their principals raised an implied obligation to insure, but the plaintiffs did by parol, subsequently to the date of the contract, undertake to "see to" or to provide their own insurance, there was no violation of contract obligations, or of instructions, or of duty, by the defendants.

3. Judgment should be rendered in favor of the plaintiffs for $107.99 and interest from November 9, 1871.

Exhibit A.

Chicago, Sept. 2nd, 1871.

It is agreed between the Odorless Rubber Company of Middletown, Connecticut, parties of the first part, and the North Bennington Boot & Shoe Company, of North Bennington, Vermont, parties of the second part, as follows: The Odorless Rubber Company, parties of the first part, in consideration of the agreements hereinafter mentioned, do appoint the North Bennington Boot & Shoe Company, parties of the second part, to act as their agents in Chicago, Illinois, for the exclusive sale of their rubber boots and shoes and water-proof foot gear, and they agree to furnish the parties of the second part with a full line of the same as they may order, at such time and in such quantities as their sales may require, delivering all goods to the parties of the second part at their store in Chicago, Illinois, with all expense paid, including insurance, and they also agree to pay the said parties of the second part five per cent. commission and two and one-half per cent. guaranty, on all sales of their goods which the parties of the second part may make. And the parties of the second part, in consideration of the above, agree to receive the said goods at their store in Chicago, Illinois, and to use their best efforts to sell the same at market rates, not exceeding forty and ten per cent. off from list price, guarantying to the parties of the first part all sales made by them. And the said parties of the second part further agree that they will render an account of sales every thirty days, and pay the same either in cash or notes.

The Odorless Rubber Co.
(Signed) H. L. Hall, Agt.
North Bennington Boot & Shoe Co.
(Signed) Hall & Harlow, Agts.
Filed in court, February 19th, 1872.
Test: Vinal, Clerk.

---

## Case No. 10,439.

### In re O'DOWD.

[8 N. B. R. 451.]

District Court, S. D. Georgia. Sept., 1873.

BANKRUPTCY—WHAT PASSES TO ASSIGNEE — USUFRUCT IN PROPERTY.

Where the bankrupt has only a usufruct in property, not capable of being transferred by sale, except with the owner's permission, such usufruct does not pass to the assignee in bankruptcy.

1 [Reprinted by permission.]

[In the matter of Michael O'Dowd, a bankrupt.]

By ALBERT G. FOSTER, Register:

Upon the appointment of the assignee, the entire property of the bankrupt and all interest held by him in property, under the provisions of the fourteenth section of the bankrupt act, are vested in said assignee in the same manner and to the same extent as the same was held by the bankrupt at the time of the filing of the petition against him.

The question as to what interest the assignee took in said property must be determined and controlled by the terms of the written instrument conveying the same from Schley to O'Dowd. The verbal contract in reference to said lease, existing between the parties prior to the execution of said instrument, was on the execution of same merged into and is controlled by it. What interest, then, did O'Dowd take in the property under said instrument? It cannot be that he took an estate for years, for such an estate passes as realty (Irwin's Rev. Code, § 2249), and, "the owner has as absolute a right to use the property, as if he had a greater estate, not injuring the revenue" (43 Ga. 226), and the seller's only remedy for unpaid purchase money would be by a common law action, and not by distress, and in that event the relation of landlord and tenant could not exist. In this case, however, the relation of landlord and tenant does exist, it being so expressly stipulated, and this instrument has one of the most marked ingredients of a lease, to wit: The agreement to pay rent; thereby clearly creating the relation of landlord and tenant. The interest of the tenant under said instrument would cease and determine at any time upon the non-payment of the rents, as set forth therein, and the landlord could re-enter, oust the tenant and distrain for rent, which he could not do if O'Dowd's interest in said property was an estate for years.

For these reasons the register is of the opinion that O'Dowd took simply the right to possess and enjoy the use of said property as the tenant of Schley, and not such an interest as could be conveyed by him to a third party without the consent of Schley. Irwin's Rev. Code, § 2253; 41 Ga. 594; 43 Ga. 226; 38 Ga. 121. All of which is respectfully submitted.

ERSKINE, District Judge. I have given the matter involved in this question, certified to me by Register Foster, careful consideration, and my conclusion is that the view he presents in regard to the effect of the lease, &c., is correct, and I affirm his opinion.

---

## Case No. 10,440.

### OEBRICKE v. PITTSBURGH.

[See Case No. 10,442.]